UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-00872 KK (ADS)                    Date:  March 18, 2026

Title:  *Grace Carolina Escobar Torrez v. Kristi Noem, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Petitioner(s):          Attorney(s) Present for Respondent(s):
None Present                                    None Present

**Proceedings:      (IN CHAMBERS) ORDER TO SHOW CAUSE RE: MOOTNESS**

On February 23, 2026, Petitioner Grace Carolina Escobar Torrez, an immigration detainee proceeding through counsel, filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (the "Petition") and an Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction (the "Motion"). (Dkt. Nos. 1, 4.)  The Petition primarily seeks an order requiring Petitioner's immediate release or, alternatively, a bond hearing.  (Dkt. No. 1 at 7.)  On February 25, 2026, the Court granted the Motion and enjoined Respondents from continuing to detain Petitioner unless she is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a).  (Dkt. No. 9.)  The parties report Petitioner was provided a bond hearing on March 3, 2026.  (Dkt. No. 10.)

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries."  United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987); see also NASD Disp. Resol., Inc. v. Jud. Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal to be moot when the plaintiffs had already been granted the relief they sought).  Courts have an obligation to consider mootness sua sponte and should deny requested relief where it is superfluous.  In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005).  The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  5:26-cv-00872 KK (ADS)                    Date:  March 18, 2026

Title:  *Grace Carolina Escobar Torrez v. Kristi Noem, et al.*

      Here, Petitioner has been provided a bond hearing.  The Court orders Petitioner to show cause in writing why the Petition should not be dismissed as moot by no later than April 17, 2026.  Petitioner must substantively specify what claims, if any, remain pending, the relief sought, and the factual and legal basis for each claim.  Respondents must substantively respond to the claims Petitioner contends remain by no later than May 1, 2026.  Petitioner may file a reply by no later than May 6, 2026.

      **IT IS SO ORDERED.**

Initials of Clerk kh